ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| ADT Construction Group, Inc. | ). |
| by Timothy S. Cory, Chapter 7 Trustee | ) ASBCA No. 55358 |
| | ) |
| Under Contract No. DACA09-03-C-0009 | ) |

APPEARANCES FOR THE APPELLANT:          John W. Ralls, Esq.
                                        W. Samuel Niece, Esq.
                                          Ralls & Niece LLP
                                          San Mateo, CA

APPEARANCES FOR THE GOVERNMENT:         Thomas H. Gourlay, Jr., Esq.
                                          Engineer Chief Trial Attorney
                                        John F. Bazan, Esq.
                                          Engineer Trial Attorney
                                          U.S. Army Engineer District,
                                          Los Angeles

## OPINION BY ADMINISTRATIVE JUDGE SHACKLEFORD
## ON APPELLANT'S MOTION FOR RECONSIDERATION

By submission dated 30 May 2013, appellant filed a timely motion for reconsideration of the Board's decision[1] denying ADT's appeal from a termination for default. *ADT Construction Group, Inc. by Timothy S. Cory, Chapter 7 Trustee*, ASBCA No. 55358, 13 BCA ¶ 35,307 (*ADT VI*). The government responded to the motion and appellant filed a reply to the government's response.

As the moving party, ADT must demonstrate a compelling reason for the Board to modify its decision. *J.F. Taylor, Inc.*, ASBCA Nos. 56105, 56322, 12-2 BCA ¶ 35,125. In determining whether a party has done so, we look to whether there is newly discovered evidence or whether there were mistakes in the decision's findings of fact, or errors of law. *Id.* Motions for reconsideration are not intended to provide a party with an occasion to reargue issues that were previously raised and denied. *WestWind Technologies, Inc.*, ASBCA No. 57436, 11-2 BCA ¶ 34,859.

Appellant makes two main points in support of reconsideration. The first is that the decision in *ADT Construction Group, Inc.*, ASBCA No. 55307, 09-2 BCA ¶ 34,200 (*ADT V*), should be considered the law of the case in this appeal and that our decision

---

[1] Judge Thomas participated in the decision being reconsidered. She has since retired.

here conflicts with *ADT V*. ADT is particularly troubled about an *ADT V* finding of fact that it contends the Board only partially recognized in the decision in this appeal. "In its decision in No. 55358, the Board acknowledges the fact that the fast track provision was mistakenly included in the contract, but *not* that *the government knew*, but *failed to inform* ADT, of this fact" (app. mot. at 5) (emphasis in original). In appellant's view if the Board accepted all of that, it would have to conclude that the government's decision to terminate was procedurally and substantively suspect (app. mot. at 6-10).

In the first place, there is nothing in our decision in this appeal from a termination for default that indicates we did not properly recognize the findings in *ADT V*, an appeal from the denial of a contractor claim. Our decision in *ADT VI* addressed the termination for default in a manner that we considered appropriate to the facts and to the legal principles applicable to such terminations. It was not required that, in a separate appeal raising distinct issues, we repeat verbatim the findings of an earlier decision from a different appeal. Moreover, appellant has already, in the post-hearing briefing in this appeal, pointed us to the *ADT V* findings it now relies on in arguing on reconsideration that the termination for default should be overturned. (App. proposed findings of fact dated 30 March 2011 at 3-4, 11-14, 21-22; app. post-trial br. dated 30 March 2011 at 15-16, 21; app. post-trial reply br. dated 29 April 2011 at 2-3, 6-11, 14-15) After due consideration, the Board ruled on the termination by evaluating the "totality of the circumstances surrounding the contracting officer's actions." *Lafayette Coal Company*, ASBCA No. 32174, 89-3 BCA ¶ 21,963 at 110,482; *Alberts Associates, Inc.*, ASBCA No. 45329, 95-1 BCA ¶ 27,480 at 136,887. The facts cited by ADT were just part of that totality of circumstances. Arguing that our previous findings are law of the case, does not make them dispositive in the appeal before us. Our decision in this appeal was not inconsistent with the decision in *ADT V*.

The second point made by appellant involves the Board's citation of *Free & Ben, Inc.*, ASBCA No. 56129, 11-1 BCA ¶ 34,719, *Hynix Semiconductor Inc. v. Rambus Inc.*, 645 F.3d 1336 (Fed. Cir. 2011), and *Micron Technology, Inc. v. Rambus Inc.*, 645 F.3d 1311 (Fed. Cir. 2011) in the decision in this appeal. ADT's concern appears to be that because the cited decisions were issued just before and after the post-hearing briefing in this appeal, appellant did not have an adequate opportunity to address them.

As to all three decisions, we reject any notion that we are only allowed to decide appeals on the basis of the decisions cited by the parties. We also note that ADT has not alleged or shown that the decisions overruled existing law or announced new rules of law that could raise any question of unfairness in the briefing process. In this instance, we see no basis for any assertion that appellant was prejudiced by our citation of the decisions without ordering further briefings. It also appears that such an argument could have no traction where, as here, a termination may be upheld on any grounds even those not argued by the parties. *See, e.g.*, *Kirk Bros. Mech. Contractors, Inc. v. Kelso*, 16 F.3d

1173, 1175 (Fed. Cir. 1994) (court may sustain a default termination if justified by circumstances existing at time of termination, even if terminated for another reason).

Specifically with regard to *Free & Ben*, we first note that while that decision was issued eight days before appellant's opening brief was filed, ADT's reply was not due or filed for another 38 days. In addition, although appellant contends that *Free & Ben* does not stand for the principle stated in our decision (app. mot. at 10), appellant does not, that we can see, contest the legitimacy of the principle. Its argument appears to be that the facts here do not meet the requirements of the principle (app. mot. at 10-11). Our interpretation of the standards relevant to failure to provide adequate assurances or anticipatory repudiation was not, in our view, based solely on *Free & Ben* which, as noted, we do not see as having announced a new rule of law. As to *Hynix* and *Micron*, the proposition quoted by appellant from those decisions was itself taken from an earlier decision and so ADT could hardly have been surprised. *Micron Technology*, 645 F.3d at 1320; *Hynix Semiconductor*, 645 F.3d at 1344-45. In addition, ADT does not appear to challenge the legal principle it quotes, but as with *Free & Ben*, questions whether the facts of this appeal fit within the principle (app. mot. at 11). Under those circumstances, the Board's original decision cannot be said to have turned on the three decisions appellant now says it should have had the opportunity to address.

ADT has not presented a valid basis for the Board to modify its original decision. Accordingly, appellant's motion for reconsideration is denied.

Dated: 23 January 2014

RICHARD SHACKLEFORD
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

3

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 55358, Appeal of ADT Construction Group, Inc. by Timothy S. Cory, Chapter 7 Trustee, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals